## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SAMMIE LEE NETTER, JR.,** | ) | |
| **ID # 2019504,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-2237-K (BH)** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion to Hold in Abeyance*, received on September 8, 2017 (doc. 16). Based on the relevant findings and applicable law, the motion should be **DENIED**, and the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

Sammie Lee Netter (Petitioner) challenges his conviction for aggravated robbery. The respondent is Lorie Davis (Respondent).

On August 17, 2015, Petitioner pleaded guilty to aggravated robbery and was sentenced to ten years' imprisonment in Cause No. F15-39365 in the 195th Judicial District Court of Dallas County, Texas. (Doc. 14-3 at 135.) He did not appeal. (Doc. 3 at 3); *see also* www.txcourts.gov (search for Petitioner); www.dallascounty.org (search for Cause No. F1575087). Petitioner filed a state application for writ of habeas corpus on February 25, 2016, and it was dismissed as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure on June 8, 2016. (Docs. 14-3 at 25; 14-1); *see also Ex parte Netter*, WR-85,148-01 (Tex. Crim. App. June 8, 2016). He did not file another state habeas application.

*See* www.txcourts.gov (search for Petitioner).

Petitioner now asserts that he received ineffective assistance of counsel, his plea was not voluntary, and he was denied due process. (Doc. 3 at 6-7). Respondent filed a response, and Petitioner filed a reply. (Docs. 13, 15.) On September 8, 2017, he moved to abate the proceedings so that he may exhaust his claims in state court. (Doc. 16.)

## II. EXHAUSTION

Respondent asserts that Petitioner's claims are unexhausted because his state habeas application was dismissed for non-compliance with state procedural rules.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Petitioner did not fairly present the claims in his federal petition to the Court of Criminal Appeals. Although he filed a state habeas application, it was dismissed for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure.[1] He has therefore not exhausted his state remedies. *See Barnes v. Pringle*, No. 2:15-CV-1651, 2015 WL 4064628 at *3 (N.D. Tex. July 2, 2015) (claims were not exhausted where state habeas application was dismissed for non-compliance with state appellate rules); *Hicks v. Stephens*, No. 3:13-CV-1792, 2013 WL 3089452 at *2 (N.D. Tex. June 19,

---

[1]Petitioner asserts that it was dismissed because he exceeded the page limitation of Rule 73.1. (*See* doc. 15 at 7-8.)

2013) (same). The Court of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

## III. STAY AND ABATE

Petitioner asks that this case be held in abeyance so that he may return to state court to exhaust his claims.

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner has not met the *Rhines* requirements. He has not shown good cause for his failure to exhaust. He does not explain why he did not file a state habeas application that complied with state procedural rules after his first application was dismissed for non-compliance. He has not shown that he is entitled to a stay and abeyance under *Rhines,* and his request should be denied.

## IV. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, and the motion to hold in abeyance should be **DENIED**.

**SIGNED this 18th day of September, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE